IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>  v.<br><br>DANIEL SOTO, et al.,<br><br>    Defendants. | Case No. 17-cv-00573-MMC<br><br>**ORDER DENYING DEFENDANT DANIEL SOTO'S MOTION TO STAY**<br><br>Re: Dkt. No. 15 |

Before the Court is defendant Daniel Soto's ("Soto") motion, filed April 4, 2017, to stay the above-titled action pending resolution of a related state court action, JTS Jose Tree Service, Inc. et al. v. Daniel Soto, et al., No. 16-01291 (the "Underlying Action"). The matter came on regularly for hearing on May 12, 2017. Tamiko A. Dunham of Boornazian, Jensen & Garthe appeared on behalf of plaintiff Atain Specialty Insurance Company ("Atain"). Dean A. Pappas of Ropers, Majeski, Kohn & Bentley appeared on behalf of Soto.[1] The Court, having considered the parties' respective written submissions and the arguments of counsel at the hearing, rules as follows.

At the hearing, the parties essentially agreed that the Court's resolution of Soto's motion turns on whether the complaint in the Underlying Action (the "Underlying Complaint") is based on statements other than those concerning the identity of the employer of Jairo Ramos ("Ramos"), which statements the parties do not dispute were first published prior to the effective date of the subject insurance policy.[2]

---

[1] The two other defendants named in the instant action, JTS Jose Tree Service, Inc. and Jose M. Soto, have not, to date, appeared.

[2] The parties further explained that Soto has been deposed in the Underlying Action and admitted making the statements concerning the identity of Ramos' employer, the remaining issue being whether they were true.

1    The Court, having reviewed the Underlying Complaint, finds the claims therein
2    cannot reasonably be read to be based on any additional statements other than related
3    statements, if any, made at the same time as the statements concerning Ramos'
4    employer (see, e.g., Compl. Ex. B (Underlying Complaint) ¶ 16 (alleging "[t]he
5    misrepresentation by Defendant Daniel Soto that Jairo Ramos was employed by Plaintiff
6    JTS Jose Tree Service, Inc was false and unprivileged, and included other
7    misappropriations and infringement of the proprietary business name of Plaintiff JTS Jose
8    Tree Service, Inc.") (emphasis added)).  Nor can it reasonably be read to encompass any
9    other claim (see, e.g., id. at 8:16-9:6 (prayer for relief) (seeking declaration that "Ramos
10   was not at any time an employee or agent or servant of Plaintiff" and damages against
11   Soto "for misrepresentation that [Ramos] was the employee or servant of Plaintiff"); see
12   also Ringler Assoc. Inc. v. Maryland Cas. Co., 80 Cal. App. 4th 1165, 1184 (2000)
13   (holding "[a]n insured may not speculate about hypothetical, unpled third party claims in
14   order to manufacture coverage").
15        Under such circumstances, the Court finds the above-titled "declaratory relief
16   action can be resolved without prejudice to the insured in the underlying action[,] by
17   means of undisputed facts, issues of law, or factual issues unrelated to the issues in the
18   underlying action," and, consequently, "the declaratory relief action need not be stayed."
19   See Great Am. Ins. Co. v. Superior Court, 178 Cal. App. 4th 221, 235 (2009).
20        Accordingly, Soto's motion to stay is hereby DENIED, without prejudice to refiling
21   should discovery in the Underlying Action provide grounds for reconsideration.

**IT IS SO ORDERED.**

Dated: May 16, 2017

MAXINE M. CHESNEY
United States District Judge