IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>DANIEL SOTO, et al.,<br><br>    Defendants. | Case No. 17-cv-00573-MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; VACATING HEARING DATE**<br><br>Re: Dkt. Nos. 38, 40 |

Before the Court are plaintiff Atain Specialty Insurance Company's ("Atain") and defendant Daniel Soto's ("Soto") cross-motions for summary judgment, filed January 19, 2018, and February 2, 2018, respectively.[1] The matters have been fully briefed. Having read and considered the papers filed in support of and in opposition to the motions, the Court deems the matters appropriate for determination on the parties' respective written submissions, hereby VACATES the hearing scheduled for March 2, 2018, and rules as follows.

    1. The parties agree that an insurance company's duty to defend arises when "facts available to [the insurance company] at the time of tender of defense," see CAN Casualty of California v. Seaboard Surety Co., 176 Cal. App. 3d 598, 605 (Cal. Ct. App.

---

[1] The two other defendants named in the instant action, JTS Tree Service, Inc. and Jose M. Soto, have not, to date, appeared, and are in default. (See Doc. No. 26.)

1986), reveal "the possibility of covered claims," see Scottsdale Ins. Co. v. Transp., 36 Cal. 4th 643, 57 (Cal. 2005). Here, contrary to Atain's contention, for which it provides no authority, the operative date of tender is August 17, 2016, the date on which Atain received from Soto a copy of the underlying complaint and request for a defense, not August 30, 2016, the date on which Atain obtained records from which, Atain argues, it first learned there was no possible coverage under the policy at issue. See Atlantic Mutual Ins. Co. v. J. Lamb, Inc., 100 Cal. App. 4th 1017, 1038 (Cal. Ct. App. 2002) (finding delivery of complaint to insurance company, which complaint, on its face, revealed "the possibility of coverage[,] . . . sufficient, at that moment, to create . . . duty to defend") (emphasis omitted); see also Montrose Chemical Corp. v. Superior Court, 6 Cal. 4th 287, 295 (Cal. 1993) (noting "[i]mposition of an immediate duty to defend is necessary to afford the insured . . . the full protection of a defense").

Accordingly, as of August 17, 2016, Atain had a duty to defend Soto in the underlying action.

2. There is no dispute that the underlying complaint is based on statements concerning the identity of the employer of Jairo Ramos ("Ramos"), which statements were first published prior to the effective date of the subject policy, specifically, in the course of the California Department of Industrial Relations' ("DIR") investigation into the circumstances surrounding Ramos' injury, which investigation closed on January 10, 2015, seven months before the beginning of the policy period. (See Compl. Ex. A at 1 (defining policy period as "From: 08/13/2015 To: 08/13/2016")). Contrary to Soto's contention, the underlying complaint cannot reasonably be read to be based on any additional statements other than related statements, if any, made at the same time as the statements made to the DIR. The Court previously considered this issue (see Order, filed May 16, 2017), and, having reviewed the underlying complaint in the context of the instant motions, finds no reason to depart from its previous determination.

Accordingly, given the policy's "First Publication Exclusion" (see Compl. Ex. A at 53), Atain has shown there is no possibility of coverage.

2

3. Where a duty to defend arises and, as here, the "insurer subsequently develop[s] facts showing there was no duty in the particular circumstances," the "insurer's duty to defend ceases prospectively from the [court's] subsequent determination but not retroactively to the beginning." See Scottsdale Ins. Co., 36 Cal. 4th at 661 (internal quotation, citation, and emphasis omitted); see also CAN Casualty of California, 176 Cal. App. 3d at 610 n.6 (holding, "even though the insurer receive[s] a declaratory judgment in its favor[,] . . . it [is] not retroactively relieved of its defense obligations").

Accordingly, Atain is not entitled to reimbursement of the cost of its defense of Soto in the underlying action.

## CONCLUSION

For the reasons stated above, the parties' respective motions are hereby GRANTED in part and DENIED in part as follows:

1. As to the First Cause of Action, by which Atain seeks declaratory relief, Atain's motion is hereby GRANTED, Soto's motion is hereby DENIED, and the Court hereby DECLARES Atain has no duty to defend Soto in the underlying action.

2. As to the Second Cause of Action, by which Atain seeks a monetary judgment against Soto for the cost of defense, Atain's motion is hereby DENIED and Soto's motion is hereby GRANTED.

**IT IS SO ORDERED.**

Dated: February 26, 2018

MAXINE M. CHESNEY
United States District Judge